Good morning, your honors. I'm Lynn Panagakis and I represent David Ross. Seated at council table is Peter Wolf. He represents Mr. Ross' wife, Leila Various Ross. And I intend to save some argument time for Mr. Wolf and some for rebuttal. All right, watch the clock. Some is not a very good deal. We can be more specific about time. Six minutes. Well, okay, watch the clock. Okay, yes, your honor. I respectfully ask the court to reverse Mr. Ross' convictions and to remand the case for new trial on the ground that Mr. Ross was deprived of his Sixth Amendment right to conflict-free counsel. Trial counsel in this case, Alan Ritchie, who represented Mr. Ross, acted to further his own interest in concealing his professional misconduct in this case at the expense of the Ross' defense. Why didn't you just go back and file a habeas petition and argue it out there? Why do it here? Well, your honor, because we filed at the time. I mean, the district court knew what the situation was in front of or guessed at what the situation was in front of him. He did not have in front of him all of the evidence that you could put in a habeas proceeding. A habeas proceeding would be absolutely the great way for you to put all your evidence in that you want to put in. Why not just go do a habeas proceeding and forget us? Well, your honor. It seems to me that what you're trying to do is get me to make a habeas ruling in a direct appeal case. Your honor, some of the evidence of the conflict was found out during the trial. And then what happened, I was functioning as legal assistant to Ms. Ross' counsel during the trial, and we became privy to some of the evidence. And so what happened was, in order to not have to wait for a habeas and to do it in the context of a motion for new trial, Mr. Ross then had Mr. Ritchie step out, and since I was familiar, I stepped in at that point to try and do it in the context of a motion for new trial. That's when I received the additional, what I believe compelling evidence of the conflict in the form of the e-mails between Mr. Ross and Mr. Ritchie, which reflect the bad advice and why Mr. Ritchie was a material witness. I included that as exhibits to the motion for new trial. I also, once I became Mr. Ross' counsel, had e-mail communications with Mr. Ritchie myself, and he made significant admissions. Those are exhibits to the motion for new trial. So the most expeditious way to vindicate these people's rights and get them out of prison was to present it in the motion for new trial. Unfortunately, that motion was denied, but that's why it's appropriate for direct appeal. This Court can hear ineffective assistance claims on direct appeal when the record is sufficiently developed to permit direct review. And we believe it is because of the exhibits and the declarations presented in the motion for new trial. Weren't there many factual issues that were not presented during the trial concerning the ineffectiveness of counsel or the conflict? The motion for new trial, I believe, presents an amply sufficient record. For example, there was an argument that he acted unprofessionally and perhaps might be in trouble with his own bar application. That wasn't presented. The facts to show that were not presented. Well, Your Honor, I do believe that the evidence in the e-mails that were submitted in the motion for new trial demonstrate the misconduct. In those e-mails, Mr. Ritchie, I believe the record shows conclusively, undisputedly, that the Ritchies hired, I mean, the Rosses hired Mr. Ritchie in May 2003. The case was still civil at that point. We can see that from page 462 of the excerpts of record. Mr. Ritchie admitted in a post-verdict e-mail to me that he told them at that time that he didn't know what statute made them liable to file and pay income taxes. He was hired to represent them on all tax matters. That's in the power of attorney. He was hired, Mr. Ritchie was, to bring them into compliance. Mr. Ritchie admitted that in letters to the IRS in 2003 and 2004. There are exhibits to the motion for new trial. They're found at excerpts of record, pages 797 through 799. He was hired when the case was civil to bring them, to advise them what they needed to do to come into compliance. He told them he didn't know what statute made them liable. Mr. Ritchie told the Rosses there was doubt as to liability. He told the Rosses they didn't need to file before initiating an offer in compromise. He told the Rosses that Mr. Ross's 1998 tax liability was unlawful and based on false and incorrect information. He told the Rosses after the criminal investigation began to continue the same course of conduct. This is all his own admissions in the emails attached to the motion for new trial. That's why I believe it's appropriate for direct appeal because I believe the record is clearly sufficient to show that he gave incorrect advice. He advised them to continue to commit crimes. After the criminal investigation began, he admitted that he told them to continue the same course of conduct. On page 125 in the excerpts, he admitted to me that it was probably after he met with Assistant United States Attorney Connors. We know that that meeting took place on February 23rd of 06. I guess my worry is, again, I'm back to we've got a motion for a new trial. What is my standard of review on a motion for a new trial? The standard of review for a motion for a new trial is abuse of discretion. All right. And abuse of discretion. And I've got a case in front of me from 1992, our case, U.S. v. Miss Kinnes, which involved an actual conflict. And the actual conflict of interest was absolute clear in the record, already put together. And even in that case, our court said, send this back for a collateral attack in a criminal proceeding. Your Honor, may I believe that what Miss Kinnes said was that the record was sufficiently developed to determine that counsel on direct review, to determine that counsel's performance was adversely affected if, in fact, there was an actual conflict. But that the record wasn't sufficiently developed in Miss Kinnes to determine the actual conflict, because the record in Miss Kinnes wasn't sufficiently developed to determine whether the defendant in that case would have asserted a right to counsel defense. There was no declaration submitted from the defendant in that case. In this case, in the motion for new trial, there was a declaration submitted from the defendant, which says he would have asserted the right to counsel defense, and voluminous emails showing the actual conflict. That's the distinction with Miss Kinnes. Back to the motion for new trial. The standard is abuse of discretion, and I believe the district court did abuse its discretion in denying the motion for new trial. The district court assumed that a conflict existed and then found that the presumption of prejudice had been rebutted. That was the standard applied in denying the motion for new trial. I believe that's the incorrect standard. The district court did not evaluate whether there was an adverse effect on Mr. Ritchie's performance. What does the fact that you do not challenge the sufficiency of the evidence in this particular appeal, what is the relevance of that? I mean, my worry is that in this particular case, while you want me to say the district court abused its discretion, you don't even appeal the sufficiency of the evidence to convict your client. We challenged because the evidence wasn't... I mean, if you had brought that as a particular appeal or as a part of the appeal, maybe one could suggest that the district court might have abused its discretion. But when you don't even appeal that there was sufficient evidence to sustain the verdict, how can I suggest then that the district court, with sufficient evidence to sustain the verdict that you don't fight, has abused its discretion in denying your motion for new trial? Because it's an abuse of discretion to apply the wrong legal standard. And the district court, the standard for getting a new trial for conflict of interest is whether there was an adverse effect on Mr. Ritchie's performance. And there was. Well, the other standard is prejudice, and the court just said there was no prejudice. The court... You need to argue that there was prejudice. I believe the standard for conflict of interest is adverse effect. It's a presumption, and the district court found no prejudice. So you need to tell us, articulate how your client was prejudiced. Okay. Well, first of all, I believe the standard articulated in Miskinnis and Manholt is that some effect on counsel's performance was likely, some adverse effect was likely, is the standard for actual conflict, actual conflict and adverse effect on performance. The district court, in saying the presumption of prejudice was rebutted and saying that that was part of the standard, applied immigration appeal cases having nothing to do with the Sixth Amendment. As far as what the adverse effect on performance was, Mr. Ritchie didn't testify as to the evidence he provided the defendants. The government's theory was that the Ross's failure to come into compliance for six and a half years after they hired Mr. Ritchie is what demonstrated that they acted willfully, which was an essential element of all the charges. Mr. Ritchie, what they did was they relied on Mr. Ritchie. That's why they didn't come into compliance. They followed his advice to the T, and that's why they didn't come into compliance, and that's what wasn't admitted. The adverse effect on performance, Mr. Ritchie didn't testify to the advice he gave him. Mr. Ritchie didn't question Mr. Ross as to his state of mind, as to what he believed based on Mr. Ritchie's advice. On cross-examination of Mr. Ross, the government challenged Mr. Ross's credibility because he said he didn't change his beliefs about the tax system until two weeks before the trial. The government argued that Mr. Ritchie was unable to convince him for six and a half years, and that's what proved Mr. Ross's bad faith. But the fact is, which wasn't presented at trial, was that Mr. Ritchie never tried to convince him. He kept leading them to believe that he was correct. So he didn't question Mr. Ross. Then Mr. Groves, Revenue Officer Groves, testified during the trial about two conversations Counsel, you've left less than four minutes for both your co-counsel and your rebuttal. Oops, I asked that. Okay. Thank you. Good morning. My name is Peter Wolfe. I represent Leigh Ross. There's a distinction on the supplemental briefing that the court asked for that the government made between Mrs. Ross's position and Mr. Ross's position. And what I'd like to point out about that is a distinction that the government never made in the district court. When the new trial motion was filed and then joined by Mrs. Ross, what the government said in objection to it was two things, both of which were incorrect. One was that there's a seven-day limit when there's actually a 14-day limit. Well, maybe no harm, no foul. And number two, that no extension had ever been sought. And that was untrue. What they never did do was draw the distinction that they drew when this court asked for supplemental briefing, which is to say that apparently conceding that Mr. Ross's motion was timely but that Mrs. Ross's wasn't timely. That was never said in the district court. It was never said in this court until the court asked for supplemental briefing. So the Supreme Court has told us that lots of things that used to be called jurisdictional aren't really jurisdictional in the sense of if you don't do them, this court loses jurisdiction. What you have here is a claims processing rule that this court has said is, or the Supreme Court has said is rather strictly enforced. But because it's not actually jurisdictional but is a claims processing rule, it's something that can be waived by not being asserted. And so the government never asserted it, never cross-appealed on it. I don't think it's a distinction. Counsel, weren't they both? They were represented in concert on a lot of these procedural matters as well. Yes, that's right. And, frankly, the trial court treated them as a joint defense. They had an oral joint defense agreement and dealt with them as though they were a married couple, which they are, and never really said anything different. But the reason I want to address it is because when this court asked for some briefing on it, the government drew a distinction that had never been made before. And I guess the only other thing I would say is try to address Judge Smith's question. I don't think that failure to assert that the evidence was insufficient really has anything to do with the review of the new trial motion because the standards are totally different. The question on a sufficiency of evidence is if you look at the evidence and take every inference in the light most favorable to the government, is there evidence to support the verdict? And when the question, the real question, is a question of willfulness, the fact that people just did something is generally enough to infer willfulness. The problem here is that all the evidence that it wasn't willful, that it was pursuant to the advice of counsel, was excluded from the trial court. And that's why there ought to be a new trial, even if there isn't any real basis to argue that they ought to be acquitted on appeal. So I think I'll stop. Thank you. I guess the final question you really need to address is, is there enough evidence in this record about the reasons for decision not to sever from the main case that I can make a decision on this record, or is this really, again, a habeas? Well, we're in a weaker position vis-a-vis the question of severance than we are with the question of whether there was a conflict of interest that ought to cause a new trial. I acknowledge that, because the question of why Mr. Green never sought the severance was never the subject of any particular testimony. Well, the only reason that I laid it out is that's one other issue that's in front of me, and I just wanted to make sure you agreed with me. And I think we're, I have to concede we're a little weaker there, but I still think that there's enough, if we go to the main issue, the one that Patagakis urged, that there ought to have been a granting of the new trial motion, that hopefully that severance question would just be something that the Court didn't need to decide. Okay. May it please the Court, my name is Amy Olson. I'm an assistant United States attorney here in Honolulu, and I represent the United States in this matter. And I'd like to begin by addressing Judge Wardlaw's point with the defense, and that is that there really is no prejudice in this case. And what I mean by that is any demonstration of any significant or substantial adverse effect on the defendant's representation before the Court. Mister, even if the defense could prove through a more thoroughly established record everything that they're trying to allege with respect to Ritchie's conflict, there would still be no prejudice, and that's what the District Court found. The District Court assumed a conflict and then found no prejudice, no adverse effect that had any bearing on the conviction. There's nothing the defendants can argue here that changes the temporal realities of this case. And those are that these defendants were committing, these highly educated, sophisticated defendants, were committing tax evasion for five years before they ever met Mister Ritchie. All right. So they, let's address this in the context of the conspiracy count, because the conspiracy count did involve conduct that was post-Mister Ritchie. And I guess what I'm wondering about is that did the fact that the Rosses continued to fail to pay taxes after 2003 when they retained Mister Ritchie, did that give weight to the willfulness determination and impact the guilty verdict with respect to the conspiracy charge? I think with respect to the conspiracy charge, it had minimal relevance. Mister Ritchie's advice, if we look at the factual allegations in the indictment on the conspiracy charge, the only overt act alleged that post-dated Mister Ritchie's appearance on the scene was some money transfers and disbursements from these trusts and entities that the defendants had created. Mister Ritchie had nothing to do with those disbursements. They also continued to fail to pay taxes. That's correct. And I think even there, Ritchie's advice still has almost zero relevance. Very little. Almost zero. But in weighing, we have to ask whether the presumption was rebutted, right? Right. In weighing that, what about as to the conspiracy count, which continued? I think that the government probably did argue to some minimal degree in closing that that conduct with respect to the conspiracy count showed ongoing bad faith. But still, I think that when we look at the overwhelming evidence of willfulness for all the years before Ritchie came on the scene, it is not reasonable to request a vacation of a new trial, vacating the conviction and even the conspiracy count based on advice that a change in behavior would be suspicious and that they should continue in their course of conduct. I think that's the crux of their argument that Ritchie said, don't change anything. That's probably the most significant allegation there. And he admits that he said that, right? But he says that he said it after the meeting at the U.S. Attorney's Office, which occurred in 2006. He admits that he probably said that he did say a change would appear suspicious. That was in 2006. And for all these years before then, they had numerous advisors, numerous warnings. They had warnings from the IRS starting in 2000. Why wouldn't the appropriate advice have been to tell them to pay their taxes? I think that would have been the appropriate advice. But they had all of that advice. Do you think it was an actual conflict or ineffective assistance of counsel that he didn't tell them to pay the taxes? No. No, because I think with all of the advice, they knew that they didn't have to pay their taxes. And I don't think there's... No, you mean to say that they knew that they had to pay their taxes. Yes. Thank you, Your Honor. They knew that they had to pay their taxes. The evidence was overwhelming of willfulness for all of those years. I guess my worry is that you say it's overwhelming, but as I read the testimony, what happened in this particular situation is he was able to say, all these other tax advisors told me that this is what I should do, so therefore that's what I did. That's what he was able to say. However, we're coming again to the conspiracy situation. And my worry is that after that, as we look at the conspiracy, the only evidence that would suggest this conspiracy continued on past the years when counsel was involved was simply that defendants said he was convinced in March of 1999. I mean, what other evidence is there that is so overwhelming for other years after Mr. Ritchie became involved, except the fact that he said he was convinced of this in March of 1999? Well, he received correspondence from the IRS starting as early as 2000 telling him that all the arguments... No, we're not talking 2000. We're talking about the conspiracy, as I understand it, was a conspiracy which did not go just to the time of 2000 not filing the returns. Ritchie comes on the scene in 2003. After 2003, they filed returns. They were incorrect, and then they didn't file returns 2006 to 2007. So again, I'm coming back. What is the overwhelming advice? After 2002, besides the defendant said he was convinced in March 1999, that makes it such that they would have filed a conspiracy for those years after Ritchie was involved. Well, the jury instructions actually said that the jury didn't have to find that the conspiracy actually started on the first day and ended in 2008. If they found that the crime had been completed at any point during the time frame alleged, they could convict on the conspiracy count. And as far as the overwhelming evidence, there were other advisors. Wait a second. But doesn't the time frame play a role with respect to the statute of limitations? I mean, you could only go back five years, right, in terms of failure to pay taxes? I believe that's correct. So does that apply to the conspiracy charge as well? Yes. I think it does apply to the conspiracy charge. What? Well, I mean, they haven't raised any argument with respect to statute of limitations. Well, wait. The government can't charge conduct as being illegal. It has to be beyond the statute of limitations. Right. But I guess I'm looking more at the – Well, I know they didn't raise the argument, but it's – The conspiracy went until – was alleged to continue until 2008. They were indicted in 2008. Okay. So even if – So what years were in the indictment, though? 1998 to 2002? Right. And those crimes would have been completed on April 15, 2003, for the last of those years. And they were indicted in April of 2008. So I think – But what about the conspiracy? Well, the substantive counts are incorporated into the – are part of the basis of the conspiracy count. So the substantive failure to file is what the conspiracy is based on in large part. So to the extent the jury convicted on all five of the substantive counts, I think they've already found that there was some part of – some criminal conduct occurring up until April of 2003. Are you telling me – and I've read this, so I want to make sure I'm understanding. You're telling me that the only sufficient acts of the conspiracy happening after 2003 were the transfer of funds between accounts to which the money had already been transferred? That was the only overt act alleged in the conspiracy that postdated Richie's appearance. There were – So the overt acts prior to that were the failure to file returns to the transfer of the money to the accounts, correct? That's correct. So, I mean – but I think the overwhelming evidence that I'm referring to, the overwhelming evidence that they were told again and again and again and warned again and again and again that they had to file, they could be prosecuted. They had all – they ignored all the legitimate advice that they received year after year after year. And they're now arguing that had Richie not said go ahead and continue in your course of conduct, that they – that somehow might have – Well, what we're really asking you the questions about is not for the years before Richie was involved, but the years after Richie was involved and why they didn't go forward and just pay their taxes. I mean, that's their allegation. Right, and I think – They would have done what they needed to do if it hadn't have been Richie was involved. So, really, it goes to the conspiracy count, if you will, and I guess that's the worry that I have that there's not a great deal of evidence other than that he said he was convinced in March 1999 he knew what he was doing. I guess I'm still having trouble. Well, I don't think they can make a reasonable argument that they might have paid their taxes at that point had Richie told them to when they had a history of ignoring proper advice for so many years. And even after Richie came on the scene, they were continuing to receive correspondence from the IRS advising them of their obligations. And even Richie says that he told them that while he didn't know which statute made them liable, he knew to file and pay. Would the sentence be any different with or without the conspiracy charge? They were just convicted on the substantive charges. Your Honor, I don't know the answer to that. I thought that was a pretty important question. I'm glad my colleague asked it. That's the big question I have on my piece of paper. So what if we threw the conspiracy charge out? Your Honor, I'm trying to think if I have their sentence with me. Do you want to think about that and sit down and let the rebuttal come and then you can tell us your answer? Maybe they might have some suggestions about it too. Thank you. Thank you, Your Honor. The substantive offenses were also charged to continue through 2008. They were charged as evasion of payment, which were continuing offenses through the return of the indictment. And the offenses, the mere failure to file and pay, was not a crime. It was not the crime of tax evasion. It wasn't until it became willful. The government's closing argument says it became willful after Revenue Officer Groves came on the scene. The answer to Revenue Officer Groves was Mr. Ritchie. They were deprived of their right to put on the evidence of reliance on counsel. That was an actual conflict because he clearly committed misconduct. He concealed his involvement. He concealed his advice until after the verdict. And one really clear aspect of the conflict was Revenue Officer Groves testified about two conversations with Mr. Ritchie. Mr. Ritchie had first-hand knowledge. He was a witness to something the government put into evidence. He was unavailable. Can you tell me about the sentencing issue? I mean, if we vacate it. If you vacate on that. Sent back for resentencing. I don't know about Mrs. Ross, but I don't believe it would affect Mr. Ross's sentencing if you only vacated the conspiracy count. I'm not positive on it. I'm not entirely sure of that. I'm not positive on it. Does Mr. Wolf have an answer to that question? Mr. Wolf? Your Honor, I think my recollection of Ninth Circuit doctrine is that the court has given up trying to figure out that if you vacate one conviction, whether or not it has an impact on the others, because it's a fruitless enterprise and almost impossible and speculative. So that if the court vacates one conviction, the court sends the whole matter back, whatever the court affirms for resentencing, rather than try to figure out whether it affects things or not. I'm just wondering under the guidelines, if the fact that they were also convicted of conspiracy would increase the guideline range. I don't think it increases the guideline range, but whether an extra conviction had any importance to the district court's decision is, I think, the thing that's impossible to figure out from the standpoint of the appellate court, which is why I'm pretty confident. You're really just arguing about whether his sentence would have been different. Our question doesn't go to that. Our question goes to where the sentence is given in such context that if the conspiracy charge sentence is eliminated, they serve the same time anyway. Well, I try not to be unresponsive, but I think that's sort of a different way of saying what I was trying to say. I appreciate your argument, but I've seen cases that suggest that time and time again by my colleagues. They don't worry about it, or they just get rid of it, or they say it's harmless error. But I think those cases, if I'm not mistaken, are older cases, and more recently the trend is rather than try to figure out would it have impacted the district court's analysis of the proper sentence, which is difficult to do. The court, if it vacates one conviction or reverses it, but affirms others, will send the whole thing back for resentencing, just because how it might impact the district court is unknown. And even in some cases where the district court says that I would give the same sentence if it knows there's some issue. I would give the same sentence even on these other counts, even if this first one is vacated. Even then I think the court has said, well, let's let the district court have another crack at it. But I hope we're just debating a theoretical issue, because my view is that the whole thing ought to be set aside. Thank you. All right. Thank you, counsel. Let's see. Ms. Olson. Thank you, Your Honor. I didn't bring the record of the sentence that was imposed, but I believe that Mr. Ross received 45 months on each of the substantive counts to run concurrently, and Mrs. Ross received 18 months on each of the substantive counts to run concurrently. I don't know what the sentence was on the conspiracy count, but I don't think that it would impact. Had they not been convicted on that count, I don't know of any reason it would impact the amount of time they're serving on the substantive counts. But to the extent the court is considering vacating the conviction on any of the counts, I believe that a 2255 would be in order first, because there are questions that haven't been answered, and most notably the issue of waiver. There are indications in the record that the defendants may have knowingly waived the conflict. Or the district court could have granted an evidentiary hearing on the question. It could have. It could have, but I don't think it was an abuse of discretion not to when the defendants have an adequate remedy through a habeas petition to further develop that record. All right. No questions. All right. Thank you, counsel. United States v. Ross is submitted. And this court will adjourn this session for today. All rise.
judges: Alarcon, Wardlaw, Smith N. R.